UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIO DIAZ, et al.,<br><br>　　　　Defendants.<br>_____/ | NO. CR. 2:07-248 WBS<br><br>ORDER RE: DEFENDANTS JASON STEWART-HANSON AND RICHARD MENDOZA'S MOTIONS TO EXCLUDE GANG EVIDENCE, OR ALTERNATIVELY, FOR SEVERANCE |

----oo0oo----

Defendant Jason Stewart-Hanson filed this motion to exclude gang evidence, or alternatively for severance from government's trial group 1, which defendant Richard Mendoza later joined. Defendants are charged as members of a conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine and at least 5 kilograms of cocaine, marijuana, and MDMA under 21 U.S.C. §§ 841(a)(1) and 846. Stewart-Hanson is also indicted for two counts of the indictment of use of a communications facility for the purposes of drug

1

1  trafficking under 21 U.S.C. § 843(b) arising out of
2  communications between Stewart-Hanson and defendant Mario Diaz
3  and possession with intent to distribute at least 50 grams of
4  methamphetamine under 21 U.S.C. § 841(a).  Mendoza is charged
5  with two additional counts of use of a communications facility
6  for the purposes of drug trafficking under 21 U.S.C. § 843(b) and
7  one count of possession with intent to distribute at least 5
8  kilograms of cocaine under 21 U.S.C. § 841(a)(1).
9  I.   Motion to Exclude Gang Evidence
10            Stewart-Hanson and Mendoza move to preclude the
11 introduction of any gang-related evidence pursuant to Federal
12 Rule of Evidence 403.  Under Rule 403, relevant evidence may be
13 excluded "if its probative value is substantially outweighed by
14 the danger of unfair prejudice, confusion of the issues, or
15 misleading the jury, or by considerations of undue delay, waste
16 of time, or needless presentation of cumulative evidence."  Fed.
17 R. Evid. 403.  Without knowing precisely what gang-related
18 evidence the government will seek to use at trial and how the
19 government will seek to use it, the court cannot say at this time
20 that the probative value of any gang-related evidence that might
21 be introduced is substantially outweighed by the risk of
22 prejudice to Stewart-Hanson and Mendoza at this time.  Rather
23 than rule on such an evidentiary objection in limine, the court
24 will instead deny defendants' motion without prejudice to
25 defendants' right to raise any objections to the introduction of
26 any particular gang-related evidence at the time such evidence
27 may be offered at trial.
28 ///

II.  <u>Motion for Severance</u>

Under Federal Rule of Criminal Procedure 14, at the discretion of the trial court, "[i]f the joinder of . . . defendants . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Generally, defendants jointly charged together, including in conspiracy cases, are to be jointly tried. <u>See</u> <u>United States v. Escalante</u>, 647 F.2d 1197, 1201 (9th Cir. 1980). This is because trials of properly joined defendants "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." <u>Zafiro v. United States</u>, 506 U.S. 534, 537 (1993) (internal citation omitted).

Defendants have not provided a legitimate reason to overcome the general rule in favor of joint trial. First, the extent of any prejudice to Stewart-Hanson or Mendoza is pure speculation at this stage because it is unclear to what extent or in what context any gang-related evidence will be introduced at trial. Any risk of prejudice is entirely dependent on rulings the court will make as to the admissibility of gang-related evidence at the time of trial.

Second, the simple fact that incriminating gang-related evidence will be introduced against Stewart-Hanson and Mendoza's other co-defendants does not entitle them to severance. <u>See</u> <u>United States v. Brady</u>, 579 F.2d 1121, 1128 (9th Cir. 1987) ("[T]he fact that the evidence against one codefendant is more damaging than the evidence against another one is not a ground for severance."). To the extent that gang-related evidence

3

concerning the other co-defendants has any prejudicial effect on Stewart-Hanson or Mendoza, the "prejudicial effect of evidence relating to the guilt of co-defendants" can be "neutralized by careful instruction by the trial judge." Escalante, 637 F.2d at 1201; see also United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir. 1991). If the government lacks any evidence about Stewart-Hanson or Mendoza's gang involvement, an instruction to the jury to the effect that they must not convict either defendant on the basis of gang affiliation would prevent any risk of prejudice.

Finally, according to the government's theory case, as argued in opposition to this motion, the evidence the government wishes to produce concerning the Nuestra Familia gang is an integral part of the conspiracy count against Stewart-Hanson and Mendoza. The government does not appear to be attempting to use gang evidence to impeach defendants' credibility or as character evidence. Rather, the evidence appears central to the government's theory of the case, which contends that the drug distribution conspiracy that Stewart-Hanson and Mendoza were allegedly involved in was largely funded by and conducted for the benefit of the Nuestra Familia. See United States v. Sparks, 949 F.2d 1023, 1026 (8th Cir. 1991).

Several of the calls intercepted by the government specifically concern a large drug debt owed by Stewart-Hanson to the Nuestra Familia. Where gang evidence is an integral part of the conspiracy, severance does not alleviate concerns of prejudice because evidence of gang involvement could be introduced to explain the conspiracy regardless of the joinder of other co-defendants. Here, the government represents that

4

1 | evidence of Nuestra Familia's involvement in drug trafficking
2 | will be introduced against Stewart-Hanson and Mendoza to explain
3 | the context and aim of the alleged conspiracy to the jury
4 | regardless of the presence of the other group 1 co-defendants.
5 |      IT IS THEREFORE ORDERED that Stewart-Hanson and
6 | Mendoza's motion to exclude evidence gang evidence be, and the
7 | same hereby is, DENIED without prejudice.
8 |      IT IS FURTHER ORDERED that Stewart-Hanson and Mendoza's
9 | motion for severance be, and the same hereby is, DENIED.
10 | DATED: June 15, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE