UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON MICHAEL STEWART HANSON,<br><br>    Defendant. | No. 2:07-cr-00248-06 WBS<br><br><br>ORDER |

----oo0oo----

Defendant Jason Michael Stewart Hanson has filed an "Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) and the First Step Act." (Docket No. 1729.)[1] In 2020, the court denied defendant's prior motion for compassionate release, which sought release based on defendant's medical conditions and the COVID-19 pandemic, including the conditions at his facility. The court noted that defendant at the time was only 46 years old and it appeared the Bureau of

---

[1] As the court noted in its order setting a briefing schedule on the motion, while the motion is labeled as an "emergency motion," there is no indication why it requires expedited consideration. (Docket No. 1731.)

1

1    Prisons had been able to sufficiently treat his medical
2    conditions.  (Docket No. 1651.)  Defendant's new motion focuses
3    on his purported rehabilitation and his claim that at least one
4    of his prior California convictions no longer qualify for a
5    sentencing enhancement pursuant to 21 U.S.C. § 851.
6           The court recognizes that pursuant to the Supreme
7    Court's decision in Concepcion v. United States, 142 S. Ct. 2389
8    (2022), it must consider all of defendant's nonfrivolous reasons
9    for a reduction, including intervening changes of law.  United
10   States v. Carter, 44 F.4th 1227 (9th Cir. 2022) (noting that
11   Concepcion abrogated United States v. Kelley, 962 F.3d 470, 475
12   (9th Cir. 2020), which had held that the First Step Act did not
13   authorize a district court to consider post-conviction legal
14   changes outside of Sections 2 and 3 of the Fair Sentencing Act).
15   Accordingly, the court considers all of the arguments raised by
16   defendant in the instant motion.
17          Nevertheless, the court will deny the motion.  As an
18   initial matter, it appears that defendant is incorrect that he
19   would receive a shorter sentence if sentenced today.  Defendant
20   was sentenced as a career offender, with a Guidelines range from
21   360 months to life, and the court imposed a below Guidelines
22   sentence of 300 months.  Thus, even assuming defendant was
23   correct that a prior felony drug conviction was used to increase
24   his mandatory minimum sentence from 10 years to 20 years, that
25   mandatory minimum sentence did not play a role in his sentencing.
26   Thus, applying current law regarding defendant's prior
27   convictions would not result in a different sentence.
28          Even assuming defendant would receive a lower sentence

if sentenced today, the court would deny the motion for compassionate release given defendant's criminal history.  Aside from the offenses of conviction in this case, defendant has five prior drug-related convictions.  Further, defendant received and distributed more than 50 pounds of methamphetamine and multiple kilograms of cocaine as part of the drug conspiracy in this case.  (See, e.g., PSR ¶ 73.)  While defendant largely ignores, or at least minimizes, the severity of his prior criminal history and the seriousness of the offenses in this case, the court cannot do so in resolving his motion for compassionate release.  The court also notes that defendant overstates his good conduct while incarcerated, given his considerable disciplinary history while in the custody of the Bureau of Prisons.

Under all of the relevant factors, including defendant's serious criminal history and the offenses in this case, the court finds that defendant has not met his burden of showing that a sentencing reduction is appropriate.[2]

IT IS THEREFORE ORDERED that defendant Jason Michael Stewart Hanson's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) and the First Step Act (Docket No. 1729), be, and the same hereby is, DENIED.

Dated:  January 10, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's reply raises new grounds for compassionate release not raised in the instant motion, including the COVID-19 pandemic.  (Compare Docket No. 1729 with Docket No. 1742.)  The court finds that none of these additional grounds warrant compassionate release, even in conjunction with the grounds raised in the motion.